UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA FINNEY, | Case No. 17-cv-06183-JST |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO ENFORCE SETTLEMENT AND CROSS-MOTION FOR SANCTIONS** |
| FORD MOTOR COMPANY, | Re: ECF Nos. 39, 40 |
| Defendant. | |

Before the Court is Plaintiff Laura Finney's motion to enforce settlement. ECF No. 39. Defendant Ford Motor Company ("Ford") opposes the motion and cross-moves for sanctions against Finney and her counsel. ECF No. 40. The Court will deny both motions.

## I.    BACKGROUND

Finney brought this action against Ford for violation of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*, the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Cal. Civ. Code § 1790, *et seq.*, and several common-law fraud causes of action. ECF No. 39-1 ¶ 3. The Court ordered the parties to participate in an alternative dispute resolution ("ADR") process. ECF No. 39-1 ¶ 5.

On May 25, 2018, the parties participated in a mediation with Judge James L. Warren (Ret.). ECF No. 39-1 ¶ 8. During the mediation, counsel for Plaintiff, Russell Higgins, and counsel for Ford, Russell Mortyn, were present, while Finney and a representative for Ford participated by telephone. ECF Nos. 39-1 ¶ 8; 40-1 ¶ 2. At the end of the mediation, on May 25, 2018, Higgins and Mortyn signed a negotiated Stipulation for Settlement ("Agreement"). *See* ECF No. 39-2 at 3.

The terms of that Agreement included the following:

- Ford "shall pay to plaintiff Laura Finney and to his/her/their attorney, Knight Law Group LLP, the total sum of $71,830.06, in settlement and compromise of Plaintiff's cause of action for violation of the Consumers Legal Remedies Act ("CLRA") asserted in this action and for restitution pursuant to the Song-Beverly Consumer Warranty Act, Civil Code section 1793.2, subdivision (d)(2), and no other claims or causes of action made in this action, all of which remain active." *Id.* ¶ 1.

- "Plaintiff(s) shall surrender the subject vehicle of this action . . . within 30 days of execution of this Stipulation." *Id.* ¶ 2.

- "Counsel for each of the parties to this agreement represents that he/she has fully explained to his/her client(s) the legal effect of this agreement and that the settlement and compromise stated herein is final and conclusive as to Plaintiff's CLRA cause of action asserted in this action only, and each attorney represents that his/her client(s) has freely consented to and authorized this agreement." *Id.* ¶ 3.

- "Payment of the stated settlement amount . . . shall be made . . . within 48 hours of the surrender of the subject vehicle[.]" *Id.* ¶ 4.

- "There shall be no provision . . . relating to the condition of the subject vehicle." *Id.* ¶ 5.

- "Plaintiff's attorney's fees and costs . . . shall be determined by the Court upon a noticed motion, unless resolved informally." And "the timing of such a motion . . . may be made following the full and final resolution or disposition of the entire action." *Id.*

- "[T]his Stipulation is binding and may be enforced under Code of Civil Procedure § 664.6 or by any other procedure permitted by law in the applicable state or federal court." *Id.* ¶ 6.

- The Agreement did not contain a release. *Id.* at 2-3.

On May 30, 2018, at 1:09 p.m., Mortyn sent the following email to the mediator, requesting a Word copy of the Agreement:

> Good Afternoon Ms. Oja and Judge Warren:
> Thank you for your efforts last week.

> Would you provide a copy of the proposed release in Word format
> so that our client can forward their proposed changes?

ECF No. 40-2 at 19.  On May 31, 2018, at 8:05 a.m., Mortyn forwarded this request to Higgins.

*Id.* at 43.  Shortly after, at 9:40 a.m., Dorothy Becerra, on behalf of Plaintiff, sent the following

email to Mortyn:

> Good Morning Counsel,
> Please forward the stipulation signed by your client, so that I may
> forward to our client for signature, as well.
> Thank you for your professional courtesy.

*Id.* at 22.  At 9:47 a.m., Mortyn replied:

> Good morning Ms. Becerra:
> Pursuant to the email which was forwarded this morning to Mr.
> Higgins, we are awaiting a Word version of the proposed settlement.
> Please provide same at your earliest convenience.

*Id.* at 24.  At 9:54 a.m., Becerra replied,

> Good Morning Mr. Mortyn,
> I'm unsure why you need a word [sic] version, if both you and Mr.
> Higgins reviewed and agreed to the stipulation at the mediation.
> All that is left is for both parties to sign the agreed upon stipulation.
> I have attached it for your convenience.

*Id.* at 27.

On June 27, 2018, Mortyn sent an edited version of the Agreement to Higgins.  *Id.* at 47.

The new version contained many changes from the original Agreement, including restrictions on

attorneys' fees, a condition requiring the subject vehicle to be operable, an extended time frame to

surrender the vehicle, and an extended time frame for Ford to make payment.  *Id.* at 48-49.

Although the mediation version of the Agreement had been signed by counsel, the parties

themselves never signed any version of the Agreement.

At the hearing on this motion held on September 6, 2018, counsel for Ford stated that he

had expected the mediator to send a separate release for the parties to sign after the Agreement

was executed.  He also stated that, although he signed the paragraph indicating that he had "fully

explained" to Ford the legal effect of the agreement and that Ford had consented to and authorized

the agreement, ECF No. 39-2 ¶ 3, that statement was false:  he had not explained the agreement to

Ford, and Ford had not consented to it.  ECF No. 53 at 20.[1]

## II.    LEGAL STANDARD

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it."  *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) (citations omitted).  "However, the district court may enforce only *complete* settlement agreements."  *Id.* (citing *Ozyagcilar v. Davis*, 701 F.2d 306, 308 (4th Cir. 1983)).  "Where material facts concerning the *existence* or *terms* of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing."  *Mason v. MediFit Corp. Servs., Inc.*, No. 17-CV-02542-JST, 2018 WL 1609374, at *2 (N.D. Cal. Apr. 3, 2018) (quoting *Callie*, 829 F.2d at 890).

California Code of Civil Procedure Section 664.6 provides in relevant part:

> If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement.

Cal. Civ. Proc. Code § 664.6.  To enforce a settlement under Section 664.6 "[t]he litigants must first agree to the material terms of a settlement contract."  *Weddington Prods., Inc. v. Flick*, 60 Cal. App. 4th 793, 797 (Cal. Ct. App. 1998).  "Under California law, the intent of the parties determines the meaning of the contract."  *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992) (citing Cal. Civ. Code §§ 1636, 1638).  "[I]ntent is 'objective' – that is, the intent manifested in the agreement and by surrounding conduct – rather than the subjective beliefs of the parties.  For this reason, the true intent of a party is irrelevant if it is unexpressed."  *Id.* (internal citations omitted).

In addition, settlement enforcement under California law requires either a signed writing or an oral stipulation before the court.  Cal. Civ. Proc. Code § 664.6.  A written agreement is not

---

[1] That counsel would knowingly sign a false statement is troubling to the Court, to say the least.  Because the Court resolves the motion on other grounds, however, it does not discuss the matter further.  The Court also notes that in Paragraph 10 of his declaration in opposition to the motion, counsel states, "During the mediation, my client agreed to the monetary amount of the settlement, and that this payment would resolve the CLRA cause of action and the 'restitution' portion of the Song-Beverly claim.  However, the client did not agree to any other specific terms."  ECF No. 40-1 ¶ 10.

enforceable if it is signed only by counsel; it must be signed by the litigants themselves. *See Levy v. Superior Court*, 10 Cal. 4th 578, 584 (Cal. 1995) (finding "that in providing for an enforcement mechanism for settlements by 'parties,' the Legislature intended the term to literally mean the litigants personally"); *accord*, *Harris v. Rudin, Richman & Appel*, 74 Cal. App. 4th 299, 305 (1999). "The litigants' direct participation tends to ensure that the settlement is the result of their mature reflection and deliberate assent." *Levy*, 10 Cal. 4th at 585.

An oral stipulation is only enforceable under Section 664.6 when it is made before the court. *Murphy v. Padilla*, 42 Cal. App. 4th 707, 712 (Cal. Ct. App. 1996). "Oral stipulations before a subordinate court officer meet the 'before the court' requirement if: 1) the court officer was empowered to act with an adjudicatory function, and 2) the court officer did, in fact, act in that capacity." *Id*. (citing *In re Marriage of Assemi*, 7 Cal. 4th 896, 909 (Cal. 1994)). "[A] traditional mediator who is not authorized by statute, e.g., temporary judge, private arbitrator or general referee under section 638, subdivision 1, cannot be 'empowered to act in a quasi-judicial capacity' and therefore fails the first part of the *Assemi* test." *Id*. at 714. However, "it would be inappropriate to adopt a definitive rule that mediation can never be a proceeding 'before the court' as meant under section 664.6. Such a rule would hinder the flexible and innovative techniques employed in the ADR process." *Id.* at 713-14.

### III.    DISCUSSION

Initially, the Court must decide whether state or federal law controls the motion for settlement enforcement. "Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). A district court has the equitable power to summarily enforce a settlement agreement as long as that agreement is "complete." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). But because California Code of Civil Procedure Section 664.6 is a provision of state substantive law, it imposes additional requirements on the enforcement of settlements in federal diversity suits raising claims under California law. *See Renaissance Ribbons, Inc. v. Hadley Pollet, LLC*, No. 2:07-CV-1271-JAM-DAD, 2008 WL 5179096, at *2 (E.D. Cal. Dec. 8, 2008) (finding that California Code of Civil Procedure Section 664.6 applies to settlement enforcement motions in

federal court); *see also McMillion v. Rash Curtis & Assocs.*, No. 4:16-CV-3396 YGR, 2017 WL 6033736, at *3 (N.D. Cal. Apr. 18, 2017) (finding that "Section 664.6 is substantive state law because the settlement of a lawsuit is a decision to end the litigation, and implicates substantial rights of the litigants").

Ford argues that the settlement is not enforceable because the parties did not agree to the material terms of a contract, citing *Callie*, 829 F.2d 888 (9th Cir. 1987). In that case, plaintiffs and defendants participated together in two limited partnerships. Plaintiffs sued defendants for fraud and breach of fiduciary duty. Their attorneys discussed a potential settlement of the action, and plaintiffs' attorney sent defendants' attorney a draft settlement agreement. *Id.* at 889-90. Defendants declined to sign the agreement because it based the settlement on state security and racketeering violations that defendants found objectionable. *Id.* at 890. Plaintiffs then sued to enforce the agreement. The district court granted judgment to plaintiffs, and defendants then appealed.

The Court of Appeal reversed. It found there was a dispute about (1) whether the settlement agreement was contingent upon the execution of a stipulation and judgment, and (2) whether the parties "had a meeting of the minds regarding the precise method for securing payment of the settlement." *Id.* at 891. Specifically, the parties did not agree on the theory of liability underlying the judgment, because a fraud judgment would make it difficult for defendants to conduct their business. *Id.*

*Callie* is distinguishable and does not assist the Court. In that case, there was written correspondence between the parties indicating that there would be an additional agreement. *Id.* at 890-91. Here, the Agreement explicitly stated that it was "final and conclusive." ECF No. 39-2 ¶ 3. The Agreement did not contemplate or hinge on the signing of a separate, additional agreement. Ford's attorney's contention at the motion hearing that he mistakenly believed that the Agreement would later be supplemented by an additional release, ECF No. 50 at 8, does not change this analysis. "Mutual consent necessary to the formation of a contract 'is determined under an objective standard applied to the outward manifestations or expressions of the parties, i.e., the reasonable meaning of their words and acts, and not their unexpressed intentions or

understandings.'" *DeLeon v. Verizon Wireless, LLC*, 207 Cal. App. 4th 800, 813 (2012) (quoting *Alexander v. Codemasters Grp. Ltd.*, 104 Cal. App. 4th 129, 141 (2002), *disapproved on other grounds by Reid v. Google, Inc.*, 50 Cal. 4th 512, 524 (2010)).

Nonetheless, the Court will not enforce the Agreement. In California, a settlement agreement made outside of court is not enforceable unless it is signed by the "litigants personally" – not just by their lawyers. Cal. Civ. Proc. Code § 664.6; *Levy*, 10 Cal. 4th at 584. That counsel may have had their clients' authority to enter into the agreement is not sufficient.

Finney next claims that the Agreement is enforceable because a Ford representative was present via telephone at the mediation, which must mean that Ford authorized the Agreement. ECF No. 39 at 10-11. But the Ford representative's presence alone is not enough to enforce the Agreement. Under Section 664.6, a settlement agreement is enforceable in the absence of a writing signed by the parties if the parties affirm it "orally before the court." Cal. Civ. Proc. Code § 664.6. While the parties were available during the mediation via telephone, there is no allegation that the parties made any oral statement before the Court indicating their acceptance of the Agreement. Without evidence of an oral stipulation from the parties, the parties' presence at the mediation alone is not enough to enforce the agreement.[2]

Having denied Finney's motion to enforce settlement, the Court now turns to Ford's request for sanctions against Finney and her counsel. ECF No. 40 at 5-7. As a threshold matter, the motion was not filed separately, as required by Civil Local Rule 7-8, and could be denied on that basis alone. However, the motion also fails on its merits. Ford essentially claims that Finney should be sanctioned for refusing to agree to add a release provision to the parties' signed Agreement after the mediation had concluded. *Id.* But Finney was well within her rights to ask the Court to enforce her original agreement. There is nothing sanctionable or improper about Finney's refusing to agree to a new deal once Ford made clear that it would resist the deal agreed upon at mediation. Indeed, if there is anything improper about the proceedings, it is Ford's attorney signing an agreement in which he represented that he had his client's authority, when the

---

[2] In light of this conclusion, it is not necessary to address the parties' remaining contentions regarding the enforceability of the Agreement.

representation was untrue.

Ford's motion for sanctions, and Finney's request for attorneys' fees[3], are both denied. *See* ECF Nos. 39 at 11; 40-1 at 5-6.

### CONCLUSION

Finney's motion to enforce settlement and Ford's cross-motion for sanctions are both DENIED. The parties' cross-requests for attorneys' fees are also DENIED.

**IT IS SO ORDERED.**

Dated: November 7, 2018



_____
JON S. TIGAR
United States District Judge

_____

[3] Finney's request for fees is unsupported by any authority, and her underlying motion was denied.